UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RBS HOLDINGS, INC., formerly known as      :
GORDON & FERGUSON OF DELAWARE, INC.,
                                                                             :
               Plaintiff,
                                                                             :     **MEMORANDUM & ORDER**
         -against-
                                                                             :     06 Civ. 6404 (HB)(KNF)
GORDON & FERGUSON, INC.,
                                                                             :
               Defendant.
------------------------------------------------------------ X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## I. INTRODUCTION

The plaintiff, RBS Holdings, Inc. ("RBS"), has made a motion, pursuant to Fed. R. Civ. P. 37, for an order compelling the defendant to comply with its discovery obligations and awarding it the attorney's fees and costs RBS has incurred in bringing the instant motion. The defendant, Gordon & Ferguson, Inc. ("GFI"), opposes the plaintiff's motion and has made a cross-motion for an extension of the time allotted to it to respond to the plaintiff's discovery demands.

RBS contends the defendant failed to: (1) provide it the information required to be disclosed by Fed. R. Civ. P. 26(a); (2) respond to RBS' document requests; and (3) respond to interrogatories served on GFI by the plaintiff. RBS has requested that the Court direct GFI to: (a) disclose information in accordance with Fed. R. Civ. P. 26(a); and (b) respond to the plaintiff's discovery demands.

The defendant opposes the plaintiff's motion. GFI contends it did not respond to the

1

plaintiff's discovery demands timely because of "confusion" about which law firm it would designate to provide legal services to it in this litigation. Since that matter is now resolved, GFI has made a cross-motion for an extension of time to respond to the outstanding discovery demands, which are the subject of the plaintiff's motion.

## II. BACKGROUND

RBS served GFI with its first set of interrogatories and document requests on January 23, 2007. The defendant failed to respond to the plaintiff's discovery demands within the time specified in Fed. R. Civ. P. 33(b)(3) and 34(b). GFI also failed to meet its Fed. R. Civ. P. 26(a) disclosure requirements timely.

On February 27, 2007, counsel to the plaintiff, wrote a letter to counsel to the defendant, informing him that the plaintiff would seek judicial intervention if GFI did not respond to RBS' outstanding discovery demands. GFI's counsel did not respond to that letter. Thereafter, the plaintiff made an application to the assigned district judge for a 90-day extension of the time previously set for the parties to complete their pretrial activities. The plaintiff's request was granted.

On March 23, 2007, RBS's counsel sent his adversary another letter regarding GFI's failure to respond to the plaintiff's outstanding discovery demands. In a letter dated March 30, 2007, GFI's counsel advised RBS's counsel that the defendant's responses to the plaintiff's discovery demands would be sent to the plaintiff on or before April 2, 2007.

When RBS failed to receive responses to its discovery demands on April 2, 2007, it requested a pre-motion conference with the assigned district judge, in accordance with Local Civil Rule 37.2 of this court, so that the matter could be addressed. The defendant failed to respond to the plaintiff's request for a pre-motion conference. Therefore, the assigned district

judge authorized the plaintiff to file the instant motion to compel. After RBS filed its motion, the defendant opposed it through its cross-motion. Attached to GFI's cross-motion are the disclosures required by Fed. R. Civ. P. 26(a) and its responses to the plaintiff's discovery demands.

### III. DISCUSSION

Since GFI has responded to RBS's interrogatories and its request for documents, and, furthermore, inasmuch as GFI has made the disclosures required by Fed. R. Civ. P. 26(a), the plaintiff's request for an order compelling the defendant to respond to the plaintiff's discovery demands, and the defendant's cross-motion for an extension of time to serve its responses thereto, are moot. Accordingly, the only matter that remains for the Court to address is RBS's request for an award of the reasonable attorney's fees and costs it incurred in making the motion to compel the defendant to respond to the plaintiff's discovery demands.

If a party fails to make the disclosures required by Fed. R. Civ. P. 26(a), any other party may move to compel disclosure and for appropriate sanctions. See Fed. R. Civ. P. 37(a)(2)(A). The same is true when a party fails to answer interrogatories or respond to a request for documents. See Fed. R. Civ. P. 33(b)(5) and 34(b).

Fed. R. Civ. P. 37 grants to a court broad discretionary authority to impose a sanction(s) upon a party to a litigation that has failed to meet its discovery obligations. See Residential Funding Corp. v. DeGeorge Financial Corp., 306 F.3d 99, 107 (2d Cir. 2002). Fed. R. Civ. P. 37(d) provides, in pertinent part, that:

> If a party . . . fails . . . (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under

3

subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

"Federal Rule of Civil Procedure 37 provides for the imposition of sanctions, including attorneys fees and costs, for certain discovery abuses." Cielo Creations, Inc. v. Goa Da Trading Co., Ltd., No. 04 Civ. 1952, 2004 WL 1460372, at *2 (S.D.N.Y. June 28, 2004). Failing to respond to an adversary's discovery demands timely, and thereby delaying, unnecessarily, the forward progression of the litigation, is among the "abuses" for which a sanction may be imposed pursuant to Fed. R. Civ. P. 37(d). In the case at bar, the Court finds that the defendant's failure to comply with its discovery obligations timely, warrants a sanction.

RBS made several good faith efforts to resolve its concern over GFI's failure to meet its discovery obligations before it filed a motion to compel GFI's compliance. The defendant failed to respond to the plaintiff's entreaties appropriately. Only after RBS was forced to expend resources preparing, serving and filing its motion did the defendant respond to the plaintiff's discovery demands and attempt to justify its failure to fulfill its discovery obligations timely. Neither Fed. R. Civ. P. 33 nor Fed. R. Civ. P. 34 permits a party to ignore its obligation to respond to outstanding discovery demands timely because the party is confused about whom it wants to designate to represent it. In fact, at all times relevant here, GFI was represented by counsel and no application to change counsel was made by GFI.

The Court is mindful that GFI has now complied with its discovery obligations. However, it did so after the time provided for in the Federal Rules of Civil Procedure and after RBS made its motion to compel. In the circumstance of the instant case, the Court finds that requiring GFI, as a sanction, to pay RBS the attorney's fees and costs it reasonably incurred, in making the motion to compel is appropriate. The instant sanction will act as a specific and general deterrent to the type of misconduct in which the defendant engaged.

## IV. CONCLUSION

For the reasons set forth above, the plaintiff's application for an award of the reasonable attorney's fees and costs it incurred in bringing its motion to compel, entry No. 14 on the docket sheet maintained by the Clerk of Court for this action, is granted. On or before June 12, 2007, the plaintiff shall serve and file competent evidence, in the form of an affidavit(s) or otherwise, establishing the attorney's fees and costs it reasonably incurred in making the motion to compel disclosure. On or before, June 19, 2007, the defendant shall serve and file any challenge to the reasonableness of the amount sought by the plaintiff. On or before June 25, 2007, any reply shall be served and filed.

Dated: New York, New York  
      June 4, 2007

SO ORDERED:

*Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Sent copies via facsimile to:

Evan S. Weintraub, Esq.  
Sanddeep Chatrath, Esq.  
Brooke E. Pietrzak, Esq.